IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DANIEL COSTA, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS <br><br> Defendant. | Case No.  3:25-cv-00061-MGL <br><br> Complaint – Class Action |

## CLASS ACTION COMPLAINT

Plaintiff Daniel Costa (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief, as follows:

### Preliminary Statement

1.  The TCPA also prohibits making calls to numbers on the Do Not Call Registry because telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms' *id.* § 2(9).

1

2.      "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out 3as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add her number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id…*This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people.  The law empowers each person to protect her own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C*., 925 F.3d 643, 649-50 (4th Cir. 2019).

3.      This case involves a campaign by American-Amicable Life Insurance Company of Texas made telemarketing calls to market its services without the prior express consent of the call recipients.

4.      The Plaintiff also brings this putative class action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10, *et seq*., alleging that American-Amicable made telemarketing calls to a number listed on the National Do Not Call Registry, which violates the SCTPPA in addition to the TCPA.

**Parties**

5.Plaintiff Daniel Costa maintains his residence in Lexington County, South Carolina.

6.Defendant American-Amicable Life Insurance Company of Texas is a Texas insurance company.

**Jurisdiction & Venue**

7.The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law. The Court also has supplemental jurisdiction because the SCTPPA claim relates to the same telemarketing campaign as the TCPA.

8.This Court has jurisdiction over the defendant as American-Amicable made telemarketing calls into this District.

9.Venue is proper under 28 U.S.C. § 1391(b)(1) because the Plaintiff received the calls in this District.

**The Telephone Consumer Protection Act**

The National Do Not Call Registry

10.The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers.  *See* 47 C.F.R. § 64.1200(c)(2).

11.A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12.The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of

action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

## SCTPPA

13. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10, *et seq*.

14. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

15. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## Factual Allegations

16. American-Amicable markets and sells insurance products, including so-called "final expense" insurance plans that are sold as life insurance plans.

17. American-Amicable uses telemarketing to promote these final expense plans to consumers over the telephone.

18. Plaintiff's telephone number, 803-XXX-8161 is a residential telephone number.

19. The number is not used for business.

20. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

21. The Plaintiff's telephone number was on the National Do Not Call Registry on February 13, 2016, because he put it there.

22.     Despite this, Mr. Costa received telemarketing calls.

23.     Despite this, Mr. Costa received at least three telemarketing calls from American-Amicable on October 11, November 11 and November 20, 2024.

24.     During the calls, Mr. Costa indicated that he was not interested in the insurance offerings promoted by the Defendant and ended the calls.

25.     Despite that fact, he received the subsequent calls.

26.     During the solicitations, Mr. Costa received information regarding the Defendant's calling practices.

27.     All of the calls were intended to offer the final expense insurance offered by the Defendant.

28.     On the final call, Mr. Costa spoke with Eric Johnson, an employee of the Defendant.

29.     Mr. Johnson further promoted the Defendant's final expense insurance products.

30.     Mr. Johnson also provided his contact information, which was (727) 266-6378, a phone number that is owned by the Defendant.

31.     All class members, as defined below, have had their privacy invaded through receipt of the telemarketing calls.

## Class Action Allegations

32.     As authorized by Rule 23(b)(2) and/or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

33. The class of persons Plaintiff proposes to represent is tentatively defined as:

>**National Do Not Call Registry Class:** All persons in the United States whose, (1) telephone numbers were on the National Do Not Call Registry for at least 30 days, (2) but received more than one telephone solicitation call from or on behalf of American-Amicable (3) within a 12-month period, (4) from four years prior the filing of the Complaint.
>
>**SCTPPA Class**: All persons with a South Carolina area code to whom (1) at any time from May 18, 2018 until trial, (2) American-Amicable, or someone on their behalf, (3) placed at least one call, (4) where it called a number on the National Do Not Call Registry, (5) while promoting their services.

34. Excluded from the Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

35. The class as defined above is identifiable through phone records and phone number databases.

36. The potential class members number is likely at least in the thousands, since automated telemarketing campaigns make calls to hundreds or thousands of individuals a day. Individual joinder of these persons is impracticable.

37. Plaintiff is a member of the class.

38. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

   a. Whether American-Amicable made the calls at issue using telephone solicitations as that term is defined by the TCPA;

   b. Whether American-Amicable made the calls to South Carolina area codes;

   c. Whether the calls without obtaining the recipients' prior consent for the call; and

      d.      Whether the Plaintiff and the class members are entitled to statutory damages because of Defendant's actions.

39. Plaintiff's claims are typical of the claims of class members. Plaintiff's claims, like the claims of the Class arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

40. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

41. Common questions of law and fact predominate over questions affecting only individual class members. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

42. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

43. The likelihood that individual members of the Class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

44. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## FIRST CAUSE OF ACTION

45. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

46. The Defendant violated the TCPA and its Implementing Regulations by making two or more telemarketing calls within a 12-month period to Plaintiff and the members of the National Do Not Call Registry Class while those persons' phone numbers were registered on the National Do Not Call Registry.

47. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and National Do Not Call Registry Class members are entitled to an award of up to $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(c)(5).

48. Plaintiff and Class members are entitled to an award of treble damages if the Defendant's actions are found to have been knowing or willful.

49. Plaintiff and National Do Not Call Registry Class members are also entitled to and do seek injunctive relief prohibiting American-Amicable from advertising its goods or services, except for emergency purposes, to any number on the National Do Not Call Registry in the future.

## SECOND CAUSE OF ACTION
### (Violation of SC Telephone Privacy Protection Act)

50. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51. Defendant violated the SC Telephone Privacy Protection Act by contacting class members' South Carolina numbers that were listed on National Do Not Call Registry.

52. The Plaintiff, on behalf of the class, also seeks an injunction, which the SC Telephone Privacy Protection Act explicitly permits, preventing the Defendant from calling a

South Carolina number on the National Do Not Call Registry, or from anyone doing so on their behalf.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Certification of the proposed Class;

B. Appointment of Plaintiff as a representative of the Class;

C. Appointment of the undersigned counsel as counsel for the Class;

D. A declaration that Defendant and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA and SCTPPA;

E. An order enjoining Defendant and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making calls using pre-recorded messages to call cellular telephones, except for emergency purposes, in the future.

F. An award to Plaintiff and the Class of damages, attorneys' fees and costs, as allowed by law; and

G. Orders granting such other and further relief as the Court deems necessary, just, and proper.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of January, 2025.

DAVE MAXFIELD, ATTORNEY, LLC

By:    _s/ Dave Maxfield_____
David A. Maxfield, Fed ID 6293
P.O. Box 11865
Columbia, SC 29211
803-509-6800
855-299-1656 (fax)
dave@consumerlawsc.com

9

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
(508) 221-1510
anthony@paronichlaw.com
*Subject to Pro Hac Vice*